support the condition that failure to give the notice provided for should extend the lease, for the reason that the contract was entire.

4. LANDLORD AND TENANT, § 284*—*when lessee liable for rent upon abandonment of premises.* Where a lease provided that in case lessee should vacate before the end of the term the lessor might relet the premises on such terms as he should see fit, in which case the lessee would be liable to make good the deficiency, *held* that lessor could recover rent for the period during which he was unable to rent the premises, it appearing that lessee vacated before the end of the term.

5. LANDLORD AND TENANT, § 431*—*when tenant bound by lease providing for extension of term.* In an action to recover rent due under a lease containing a provision that failure of defendant to give certain notice should at the option of plaintiff operate to renew the lease for a further term of the same length, where it appeared that the amounts sought to be recovered were for rents accruing during the term as extended, a peremptory instruction for defendant *held* erroneous, it also appearing that defendant failed to give the notice required, and that plaintiff exercised his option to treat the lease as extended for a further term.

---

The People of the State of Illinois ex rel. Mary Volska, Defendant in Error, v. Vincent Murphy, Plaintiff in Error.

Gen. No. 21,250.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

Statement of the Case.

Prosecution by the People of the State of Illinois *ex rel.* Mary Volska against Vincent Murphy, defendant, in the Municipal Court of Chicago, in which defendant was charged with bastardy. To reverse a judgment of conviction, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Defendant pleaded the statute of limitations. The evidence showed that the child was born May 20, 1911; that a warrant in the bastardy proceeding was issued October 30, 1911, but complainant was unable to serve the warrant and the proceeding was abandoned. The complaint in the present case was filed January 21, 1915. The defendant when in Chicago lived with his mother at 92nd street and Buffalo avenue. The relator testified that defendant remained in Chicago up to about the 22nd of September; that he left about October 30, 1911, and she did not see him nor know where he was until September, 1914. The Secretary of the Court of Domestic Relations testified that she went to the neighborhood of 92nd street and Buffalo avenue two or three times a week from the time the child was born to September, 1914, and did not see defendant at any place in Illinois during that time. The witness was not cross-examined nor did defendant offer any testimony to explain or contradict the testimony given for the prosecution.

JOHN CURTIN, for plaintiff in error; CHAUNCEY N. CLEMENTS, of counsel.

MACLAY HOYNE and ELMER J. SCHNACKENBERG. for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 45*—*what constitutes prima facie proof.* Prima facie proof or evidence is that which, standing alone, unexplained or uncontradicted, is sufficient to maintain the proposition affirmed, and if not rebutted will be sufficient for that purpose.

2. BASTARDS, § 22*—*where evidence sufficient to establish prima facie case.* In a prosecution for bastardy, where defendant pleaded the statute of limitations (Hurd's Rev. St., ch. 17, sec. 16, J. & A. ¶ 718), providing that "no prosecution under this Act shall be brought

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after two years from the birth of the bastard child: *Provided*, the time any person accused shall be absent from the State shall not be computed," a finding and judgment of conviction *held* not erroneous, where there was evidence sufficient to prove prima facie that defendant was absent from the State for a period sufficient to prevent the statute from being available in defense, and where defendant offered no evidence to contradict or rebut such prima facie proof.

---

## Liberty & Company, Defendant in Error, v. The Almini Company, Plaintiff in Error.

### Gen. No. 20,506.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

## Statement of the Case.

Action by Liberty & Company, a corporation, plaintiff, against the Almini Company, a corporation, defendant, in the Municipal Court of Chicago, to recover for merchandise sold and delivered. That there was an agreement as to the amount of the claim was denied only by Stewart, the president of defendant company. Aside from that it was clear that on the amount agreed upon by Stewart as due, defendant paid the sum of $400 twice, and the balance of the sum due is the amount of the judgment. Defendant sent a letter transmitting a check of $400 on account saying that the check was sent as promised. One Voorhees testified that there was an agreement as to the amount due and an agreement of Stewart to pay the same. In an account appearing in the claim of plaintiff and in some amendments thereto the amounts were stated in francs and centimes, but the American equivalents for the French money were also stated. To reverse a